**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| ARTHUR GOULD, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 4:10-CV-88 (CDL) |
| : | 42 U.S.C. § 1983 |
| DWIGHT HEMBRICK *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER AND
## REPORT AND RECOMMENDATION

On August 10, 2010, Plaintiff filed this Complaint pursuant to 42 U.S.C. § 1983 against several defendants at Rutledge State Prison. On November 2, 2010, Defendants filed a motion to dismiss or alternatively for a more definite statement (ECF No. 24), which is still pending before the Court. In response to the motion to dismiss, Plaintiff filed a timely response (ECF No. 28), a pre-reply supplemental response (ECF No. 34), and a surreply (ECF No. 37). Defendants have moved to strike (ECF No. 36) Plaintiff's pre-reply supplemental response. Additionally, Plaintiff subsequently filed a motion for a mental examination (ECF No. 39), a motion to appoint counsel (ECF No. 40), and a "motion for permission to file an objection amending his brief" (ECF No. 41). For the reasons explained below, the Court recommends granting Defendants' motion to dismiss. The Court denies Defendants' motion to strike as moot and denies Plaintiff's motion for appointment of counsel. Finally, because the Court recommends granting Defendant's motion to dismiss, the Court recommends denying the remaining two motions as moot.

**BACKGROUND**

Plaintiff currently has pending two actions in the Middle District—one in the Columbus Division, the instant action, and one in the Valdosta Division, *Gould v. Owens*, 7:10-cv-95 (M.D. Ga.). In this action, Plaintiff complains that (1) his security was raised in retaliation for filing *Gould v. Donald*, 4:08-cv-155 (M.D. Ga.), (2) he was beaten and sodomized by several officials at RSP, (3) he was not given proper medical treatment after he was injured by the prison officials, (4) he was not given a grievance form quickly enough, (5) the Commissioner for the Georgia Department of Corrections failed to respond to his grievance form, (6) he was placed in the mental health unit in July 2008 without a *Vitek* hearing, (7) his legal mail was opened by prison officials in late 2008 and March 2009, (8) he was not given copies of legal documents, and (9) he was subject to general discrimination at RSP.[1] Plaintiff brings this action against several defendants: Brian Owens, Dwight Hambrick, Brown Keyes, Jerry Jefferson, Pat Williams, Debbie King, Derrick Hall, Ben Stanley, Timothy Sale, Steven Lopes, Joseph Hixson, Milton Minter, Lance Duke, and Columbus Regional. He has sued each individual defendant in his or her official and individual capacities. Defendants have moved to dismiss all of Plaintiff's claims pursuant to the Three Strikes provision of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), or alternatively for failure to sufficiently plead a claim pursuant to Federal Rules of Civil Procedure Rule 8.

---

[1] Since Plaintiff is proceeding *pro se*, the Court has liberally construed his Complaint. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[W]e are to give liberal construction to the pleadings of *pro se* litigants[.]").

In his complaint in the Valdosta Division (hereinafter "Valdosta Case"), Plaintiff also sues Brian Owens, but asserts different claims for alleged constitutional violations that occurred at Valdosta State Prison. *Gould v. Owens*, 7:10-cv-95, Recast Compl. (M.D. Ga.). These claims are related, but separate from the claims asserted in the instant action. However, Plaintiff has sought some identical relief in both this case and in the Valdosta Case. For example, Plaintiff has sought appointment of counsel in both cases. *Gould v. Owens*, 7:10-cv-95, ECF Nos. 55, 82 (M.D. Ga.); *Gould v. Donald*, 4:08-cv-155, ECF No. 40 (M.D. Ga.). The court in the Valdosta Case denied initially and on reconsideration Plaintiff's request to appoint counsel. Additionally, on January 29, 2011 in the Valdosta Case, Plaintiff filed a "Motion for Physical and Mental Examination's [sic] of Person and a Motion for a Stay of all Proceeding's until the Examination's been Completed and Appointment of Counsel Ruled on." *Gould v. Owens*, 7:10-cv-95, ECF No. 56 (M.D. Ga.). This motion was denied by the court on February 10, 2011. *Gould v. Owens*, 7:10-cv-95, slip op. at 4 (M.D. Ga. Feb. 10, 2011.). Similarly, on February 7, 2011, Plaintiff filed in this case a "Motion for a Physical and Mental Examination's of Plaintiff, and a Motion for a Stay of all Proceeding's until the Examination's been Completed and Motion for Appointment of Counsel Ruled on." (ECF No. 39.) The Court addresses the motion in this Order, but notes that the identical relief sought by Plaintiff in this motion has previously been denied by the United States District Court for the Middle District of Georgia.

Additionally, the parties have each filed additional motions which are presently pending before this Court. Plaintiff's motion to appoint counsel (ECF No. 40), Plaintiff's

"motion for permission to file an objection amending his brief" (ECF No. 41), and Defendants' motion to strike one of Plaintiff's numerous filings (ECF No. 36). The Court defers ruling on Defendants' motions but addresses each of Plaintiff's motions in this Order.

## DISCUSSION

### I. Defendant's Motion to Dismiss—Three Strikes Provision

On August 17, 2010, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") with this Court. Based upon a review of Plaintiff's motion, affidavit, certified trust account statement, Complaint, and prior filings by Plaintiff, the Court granted Plaintiff's motion on September 1, 2010. Importantly, Plaintiff failed to state in his Complaint that he had been granted IFP status previously in multiple cases, and that in at least three of those cases, his complaint was dismissed as frivolous, malicious, or for failure to state a claim. (Compl. 5, ECF No. 1.) Plaintiff then stated "under penalty of perjury" that the statements made in his Complaint were true and correct. (Compl. 24.)

In response to Plaintiff's Complaint, Defendants filed a motion to dismiss based upon the three strikes provision of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three or more complaints that have been dismissed as frivolous, malicious, or for failure to state a claim, is barred from filing a complaint *in forma pauperis*, unless the prisoner is "under imminent danger of serious physical injury." This is referred to as the "three strikes provision" of the PLRA. Defendants cite to four previous cases filed by Plaintiff to show that he is subject to the three strikes provision—*Gould v. Witlock*, No. 1:87-cv-2304

4

(N.D. Ga.), *Gould v. Brown*, No. 3:96-cv-339 (W.D. Ky.), *Gould v. Donald*, 4:08-cv-155 (M.D. Ga.), and *Gould v. Owens*, No. 5:10-cv-154 (M.D. Ga.). Despite the Court's investigation as to Plaintiff's litigation history, the Court was previously unaware of the decisions in *Gould v. Witlock*, No. 1:87-cv-2304 (N.D. Ga.) or *Gould v. Brown*, No. 3:96-cv-339 (W.D. Ky.).

In *Gould v. Witlock*, Plaintiff's case was dismissed as frivolous. *Gould v. Witlock*, No. 1:87-cv-2304, slip op. 2 (N.D. Ga. Nov. 12, 1987); (Defs.' Br. in Supp. of Mot. to Dismiss Ex. A at 2). This was Plaintiff's first strike. On October 1, 1996, the court dismissed *Gould v. Brown*, No. 3:96-cv-339 (W.D. Ky.) for lack of subject matter jurisdiction. That court found that the Plaintiff had failed to state a claim under 42 U.S.C. § 1983 and that Plaintiff had "no legal basis for legal redress for his alleged injuries with respect to any failure to warn claims." *Gould v. Brown*, No. 3:96-cv-339, slip op. 2-3 (W.D. Ky. Oct. 1, 1996); (Defs.' Br. in Supp. of Mot. to Dismiss Ex. B at 2-3). In other words, the court dismissed the case for failure to state a claim and as frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (explaining that an action is frivolous when the complaint "lacks an arguable basis either in law or in fact"); *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) ("A case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory."). This was Plaintiff's second strike.

On June 8, 2009, this court dismissed Plaintiff's action *Gould v. Donald*, 4:08-cv-155, for failure to exhaust administrative remedies and for failure to state a claim. A dismissal for failure to exhaust is the type of dismissal that counts as a strike pursuant to

5

28 U.S.C. § 1915(g). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 211-17 (2007); *see also Crummie v. Veloz*, No. 10-23571, 2010 WL 5059560 at *2-3 (summarizing the types of dismissals that are considered "strikes" in the Eleventh Circuit) (S.D. Fla. Nov. 10, 2010). Consequently, this action counted as Plaintiff's third strike and he should have thereafter been prohibited from proceeding IFP in a civil action.

In *Gould v. Owens*, 5:10-cv-154 (M.D. Ga.), however, Plaintiff was granted leave to proceed IFP "[s]olely for purposes of [the court's] dismissing plaintiff's complaint." *Gould v. Owens*, 5:10-cv-154, slip op. at 1 (M.D. Ga. June 14, 2010). That action was dismissed on June 10, 2010 for failure to state a claim. *Id.* In the Order dismissing that case, the Court explained:

> If plaintiff still wishes to pursue his claims, he will be allowed to file separate complaints for his separate claims. In so doing, he should name as defendants each individual at [Rutledge State Prison ("RSP")] and [Valdosta State Prison ("VSP")] who allegedly violated plaintiff's constitutional rights. Plaintiff should specify the actions of each named defendant. Because events occurring at RSP and VSP do not arise out of the same transaction or occurrence, plaintiff may not join his claims against the RSP defendants and the VSP defendants in a single lawsuit. Instead, plaintiff should file his complaint against RSP defendants in the Columbus Division of the Middle District of Georgia and his complaint against VSP defendants in the Valdosta Division of the Middle District of Georgia.
> . . .
> Plaintiff is further advised that in refiling his RSP claims, he should not raise again any claims that he raised in *Gould v. Donald*, 4:08-cv-155 (M.D. Ga.), which is presently on appeal.

*Gould v. Owens*, 5:10-cv-154, slip op. at 2 (internal citations omitted). The court did not address whether Plaintiff had any prior actions that had been dismissed such that he should not have been granted leave to proceed IFP.

6

In compliance with the *Gould v. Owens* June 14 Order, the Plaintiff filed this action and an action in the Valdosta Division of this court. Defendants now move to dismiss this action because Plaintiff failed to pay the filing fee at the time of commencement of the action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (explaining that an inmate must "pay the filing fee at the time he *initiates* the suit") (emphasis in original). In *Dupree*, the Eleventh Circuit explained that the proper procedure for a court to follow when it later becomes apparent that a plaintiff is not entitled to IFP status due to the three strikes provision is to dismiss the complaint *without prejudice*. 284 F.3d at 1236. Consequently, the Court recommends dismissal of Plaintiff's Complaint without prejudice.[2]

## II.   Remaining Pending Motions

There are four other pending motions currently before the court. Defendants have moved to strike (ECF No. 36) Plaintiff's pre-reply supplemental response. Additionally, Plaintiff subsequently filed a motion for a mental examination (ECF No. 39), a motion to appoint counsel (ECF No. 40), and a "motion for permission to file an objection amending his brief" (ECF No. 41). The Court denies Defendants' motion to strike as moot because the Court recommends granting Defendants' motion to dismiss. Additionally, the Court denies Plaintiff's motion for appointment of counsel as he has no constitutional right to counsel and has demonstrated no exceptional circumstances which

---

[2] The Court notes that Plaintiff's claims accrued more than two years ago, and that the statute of limitations for a § 1983 action in Georgia is two years. *Lovett v. Ray,* 327 F.3d 1181, 1182 (11th Cir. 2003). However, the Georgia renewal statute applies to § 1983 cases such that the Plaintiff would be allowed to re-file this action **with the proper filing fee** within six months of the dismissal of this action. *Scott v. Muscogee Cnty., Ga.*, 949 F.2d 1122, 1123 (11th Cir. 1992). The Court finds that this action, although inartfully pled, is a "valid action." *Id.*

7

would justify such an appointment. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (explaining that district court has discretion to appoint civil counsel, but "should appoint counsel only in exceptional circumstances"). Finally, the Court recommends denying the remaining motions—motion for a mental examination (ECF No. 39) and "motion for permission to file an objection amending his brief" (ECF No. 41)—as moot because the Court recommends dismissal of this action.

## CONCLUSION

WHEREFORE, IT IS HEREBY **RECOMMENDED** that Defendants' motion to dismiss be granted and Plaintiff's Complaint be **DISMISSED** without prejudice. Defendants' motion to strike is denied. Plaintiff's motion for appointment of counsel is denied. It is further recommended that the remaining two pending motions filed by Plaintiff be dismissed as moot. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 29th day of March, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE